UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

v.

TIMOTHY ALLEN BRYANT

Case No. 16-20511

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified,

        a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐    There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

    ☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☑ DENIED after complete review of the motion on the merits.

☑ FACTORS CONSIDERED (Optional)
See addendum.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

    IT IS SO ORDERED.

:

                                              s/Terrence G. Berg
                                              UNITED STATES DISTRICT JUDGE

Dated: March 22, 2021

In determining whether Mr. Bryant is eligible for compassionate release under 18 U.S.C. § 3582(c), the Court must determine (1) whether he has exhausted his administrative remedies, (2) whether there are "extraordinary and compelling reasons" that warrant his release, and (3) whether his release would be consistent with the factors set forth in § 3553(a). The government concedes that Mr. Bryant has exhausted his administrative remedies. ECF No. 50, PageID.350.

However, Mr. Bryant has not presented a sufficient reason that would justify his early release. He states that he suffers from mental illness, specifically post-traumatic stress disorder ("PTSD"). This is not a condition that the Centers for Disease Control has recognized as leading to an increased risk of contracting COVID-19. *See* Centers for Disease Control, People with Certain Medical Conditions (March 16, 2021), https://perma.cc/L69K-Q7RJ. The Court acknowledges Mr. Bryant's allegations that he has had trouble accessing counseling and other services. Regardless, his current situation is not so extreme as to warrant release under this statute.[1]

The Court is not limited to health or other previously pre-defined categories of information in order to find an "extraordinary and compelling" reason for release.[2] Other than this psychiatric condition, however, Mr. Bryant alleges no specific health condition that the CDC has recognized as likely to cause an increased risk of severe illness from COVID-19. Indeed, at age 31 and in otherwise good health, Mr. Bryant has already tested positive for the virus and has recovered. Although he points to some reports of inmates becoming re-infected, the government cites a study showing that some period of immunity (eight months) is conferred as a result of having been infected. ECF No. 34, PageID.174. Mr. Bryant's main argument seems more focused on his belief that he has rehabilitated himself, and that he has a low risk of recidivism. Although those are both positive things, they have not been recognized

---

[1] The Court leaves open the question whether, under certain circumstances, an inmate's particular form of mental illness could constitute an "extraordinary and compelling" reason justifying release, but it is clear that Mr. Bryant's described condition of PTSD does not.
[2] *United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021).

1

as "extraordinary and compelling" reasons for release. The Court will weigh those factors in the discussion that follows.

Most of the factors under § 3553(a) also counsel against granting this motion. Regarding the nature and circumstances of the offense, Mr. Bryant's offense conduct involved pressuring minor female victims to make sexually explicit images of themselves for him. He would then extort them to provide more images, with threats that he would publicly share the images they had already given him if they refused. One victim was so distraught at his refusal to leave her alone that she was considering suicide. It is important that the sentence reflect the seriousness of the offense, and in this case a lengthy sentence was necessary to accomplish that goal. Similarly, the goals of imposing a just sentence and encouraging respect for the law are served by a significant sentence rather than a drastic reduction.

As to the goal of deterrence, it would not be served by granting a nearly 80% reduction in the sentence. Mr. Bryant has served roughly 42 months of his 228-month sentence, only about 18% of the term. Such a large reduction is not consistent with the goal of deterrence. Nor would it be consistent with the need to avoid unwarranted sentencing disparities.[3]

As to the goal of protecting the public from further crimes, Mr. Bryant points to his statements expressing regret, acknowledging the harm that his actions caused, and committing himself to making amends and reforming his behavior. Mr. Bryant's points that he had no prior criminal history, that he has "learned his lesson" already, that he has a supportive family, and that he poses a low risk of recidivism all relate to the question of whether his release would present a danger to society. If what Mr. Bryant says it true, then the factor of the need to protect society

---

[3] Mr. Bryant's calculated guideline range of 360-960 months was much greater than the sentence he received—so he already benefitted from a significant downward variance. To release him after serving only fraction of this sentence, where it is a type of offense that routinely garners double-digit sentences, would be to create a disparity that would not be warranted.

2

from future crimes may not weigh as heavily against granting release. But all the other § 3553(a) factors do.

This Court is also taking into account the severity of COVID-19 incidence at FCI Elkton, where Mr. Bryant is incarcerated. Examining the publicly available data, FCI Elkton experienced large COVID-19 outbreaks in June and July 2020, during which nine individuals died. Since then, inmate active case numbers have been close to zero, though it is unclear whether inmates are tested regularly. Staff case numbers have been on the rise since November 2020 and there are currently thirty active staff cases. *See* Pandemic Response Oversight, Dashboards of BOP COVID-19 Cases (March 22, 2021), https://perma.cc/83TS-WCPE.

Though the risk of contracting COVID-19 at FCI Elkton seems less significant now, and that factor informs this Court's decision, "it is the obligation of the Bureau of Prisons to ensure that those inmates who do not qualify for compassionate release are housed in conditions that genuinely reduce the risk of exposure to the virus." *United States v. Brown*, No. 2:18-CR-20293-TGB, 2021 WL 388465, at *3 (E.D. Mich. Feb. 4, 2021). The Court notes Mr. Bryant's allegations, which are not specifically refuted by the government, that he is unable to socially distance, and that testing and quarantine protocols have been ignored when inmates have fallen ill. ECF No. 32, PageID.125-28. The Bureau of Prisons has a responsibility to do more for all individuals within its facilities, including making vaccines immediately available to all inmates. The government highlights that the Bureau of Prisons has begun vaccinating prisoners and publishing this information on its website. According to its website, 175 staff members have received the vaccine at FCI Elkton, but only 21 inmates have. *See* COVID-19 Vaccine Implementation (March 22, 2021), https://perma.cc/B2N2-4T4Q. Delivery of these vaccines to those in prison must be a top priority.

3